The order of the Special Term should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.

---

THE SEA BEACH RAILWAY COMPANY and THE SEA BEACH LAND COMPANY, Appellants, *v.* THE CONEY ISLAND AND GRAVESEND ELECTRIC RAILWAY COMPANY and Others, Respondents.

*Consents to the construction of a street railroad — a corner lot situated opposite the outer curve of the proposed route must be counted — whether a railroad must obtain sufficient consents for an entire route before it commences to construct any part of it.*

In estimating whether a street railroad corporation has obtained the consents of the property owners along the route of its proposed road, required by the Constitution and the Railroad Law, the consent of the owner of a corner lot situated opposite a corner around which and at the intersection of two streets through which it is proposed that the railway shall run, and opposite the outer curve of the road, is to be counted.

*Quære,* whether a railroad, describing in its articles of incorporation several proposed routes, can commence the construction of any one of them until it has obtained the necessary consents for that entire route.

APPEAL by the plaintiffs, The Sea Beach Railway Company and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of June, 1897, denying their

motion to continue a preliminary injunction and vacating and setting aside the same.

*George W. Wingate*, for the appellants.

*James C. Church*, for the respondents.

WILLARD BARTLETT, J.:

The object of this suit is to prevent the Coney Island and Gravesend Railway Company from laying tracks and operating a street surface railroad in West Eighth street and Surf avenue in the city of Brooklyn, opposite the property of the Sea Beach Railway Company. The right to lay such tracks and operate such railroad is attacked by the plaintiffs on the ground that the defendant railway company has not obtained the consents of property owners prescribed by the Constitution and the Railroad Law. The court, at Special Term, held that the Coney Island and Gravesend Railway Company had procured the requisite consents, and the learned judge, therefore, refused to continue the temporary injunction which the plaintiffs had sued out at the beginning of the action. His opinion discusses only one of the questions argued before us on this appeal; and, as to that question, I think his conclusion was correct.

The route along which the defendant railroad corporation desired to lay its tracks runs southerly through West Eighth street to Surf avenue, and then turns westerly into Surf avenue, and runs along that street to the west. On the southeast corner of Surf avenue and West Eighth street is a lot fronting on both streets, the title to which stands in the name of James McKane. The question considered below was, whether this lot was property bounded on that portion of the street over which the defendant corporation proposed to construct and operate its railroad, within the meaning of the Constitution, so that the consent of the owner was to be counted in making up the requisite one-half in value represented by the prescribed consents.

The lot is opposite the outer curve of the proposed railway. The railway makes a turn through the intersection of the two streets. The property on the four corners is bounded by the intersecting space common to West Eighth street and Surf avenue, and should, therefore, all be taken into account in determining whether the

required constitutional consents have been obtained. The letter of the Constitution seems to require this construction, and certainly it is demanded by the spirit of the section relating to street railroads, for the damage to property situated on a corner opposite the outer curve of such a turn may be as great as that sustained by the property upon any of the other corners. The consent was given by the person who held the legal title at the time, and was sufficient. It is stated in one of the affidavits read in behalf of the plaintiffs that James McKane has admitted that the deeds to him were merely mortgages, and that his interest is only that of a mortgagee in possession; but these subsequent admissions cannot affect the validity of the previous consent, which is in the hands of the defendant railroad company.

Agreeing with the learned judge below that this consent is to be counted, we have to inquire whether the motion papers make out a case for an injunction on any other ground.

The appellants insist that the portion of the street upon which it is proposed to construct a railroad means each entire route which is described in the railroad company's articles of incorporation, and that before the company can commence the construction of any part of a route so described in its articles of incorporation it must have obtained consents representing half the value of the property along that whole route. This proposition presents an interesting and very important question, but it cannot be decided upon the record before us in this case. That record does not set out the articles of incorporation of the Coney Island and Gravesend Railway Company. It does contain an advertisement published by the highway commissioners of the town of Gravesend stating that the company had applied for their consent, as the local authorities of that town, to the construction, maintenance and operation of a street surface railroad along certain specified routes; but this is not a document whose contents can be deemed in any wise declaratory of what may be set forth in the company's certificate of incorporation. What the latter document contains in respect to its routes there is nothing in the appeal book to show, and, therefore, we cannot say that the respondents may not have obtained even all the consents which the appellants contend are necessary for the particular route in respect to which the injunction was sought. We may guess that they have

not from the earnestness with which their counsel combats the plaintiffs' proposition of law on this branch of the case ; but injunctions cannot be granted on the strength of such suppositions.

I think the preliminary restraining order was properly vacated and that the action of the court at Special Term should be sustained.

All concurred.

Order vacating injunction affirmed, with ten dollars costs and disbursements.